UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVEN VANDERVLIST,

    Plaintiff,

v.                        Case No. 8:14-cv-1948-T-33EAJ

STATE OF FLORIDA,

    Defendant.
_____/

**ORDER**

This matter comes before the Court *sua sponte*. On August 13, 2014, Plaintiff Steven VanderVlist initiated this action against Defendant, the State of Florida. (Doc. # 1). Upon review of the Complaint, the Court determines that it lacks subject matter jurisdiction over this matter, and thus dismisses the Complaint.

**Discussion**

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985); Hallandale Prof'l Fire Fighters Local 2238 v. City of Hallandale, 922 F.2d 756, 759 (11th Cir. 1991) (stating "every federal court operates under an independent

obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based").

Moreover, federal courts are courts of limited jurisdiction. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously [e]nsure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Federal question jurisdiction requires that a party assert a substantial federal claim. Hagans v. Lavine, 415 U.S. 528, 536 (1976); see also Baker v. Carr, 369 U.S. 186, 199 (1962) (holding that if jurisdiction is based on a federal question, the plaintiff must show that he has alleged a claim under federal law that is not frivolous).

The Complaint contains a disorderly mass of information, making it difficult for this Court to decipher the claims Plaintiff is asserting against Defendant. However, a careful review of the Complaint demonstrates that the relief sought stems from Plaintiff's disagreement with charges filed

2

against him in state court and the actions, or inactions, taken by his counsel during those proceedings.

The federal district courts do not sit in an appellate capacity to review state court decisions. If Plaintiff is dissatisfied with a state court decision, the appropriate forum for review is the state appellate court. This Court has no power to review a state court decision. See Sitton v. United States, 413 F.2d 1386, 1389 (5th Cir. 1969)("The jurisdiction possessed by the District Courts of the United States is strictly original. A federal district court has no original jurisdiction to reverse or modify the judgment of a state court. Federal courts have no authority to act as an appellate arm of the state courts."); Harper v. Chase Manhattan Bank, 138 F. App'x 130 (11th Cir. 2005)("Under the Rooker-Feldman abstention doctrine, it is well-settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision."). As Plaintiff appears to disagree with the ruling of a state court judge, the appropriate remedy would be an appeal in the state court system, not in this Court.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) This case is dismissed for lack of subject matter jurisdiction.

(2) The Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 14th day of August, 2014.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All parties of record